E-filing

1

2 JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
3 7677 Oakport Street, Suite 1120
Oakland, CA 94621
4 Telephone: (510) 839-5200
Facsimile: (510) 839-3882
5

**FILED**

6 GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
7 486 41st Street, # 3
Oakland, CA 94609
8 Telephone and Facsimile: (510) 420-0324

APR 26 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

9

10 Attorneys for Plaintiff

11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                                                      ADR

15 ORIN BENTLEY,                      Action No. **C10-01785** JL

16              Plaintiff,            **COMPLAINT FOR VIOLATION
                                      OF CIVIL RIGHTS AND DAMAGES**

17 vs.                                **(JURY TRIAL DEMANDED)**

18 CITY AND COUNTY OF SAN FRANCISCO,
a governmental entity; HEATHER FONG, in her
19 capacity as Chief of Police for CITY AND COUNTY
OF SAN FRANCISCO; and, DOES 1-25, inclusive,
20 individually, and in their capacity as police officers for
CITY AND COUNTY OF SAN FRANCISCO,
21

22              Defendants.                          /

23                         **JURISDICTION**

24 1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred

25 upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and

26 practices alleged herein occurred in the City of San Francisco, California, which is within this judicial

27 district. Venue is conferred upon this Court by Title 28 United States Code Section 1391(b).

28                            **PARTIES**

2. Plaintiff is, and at all times herein mentioned was, an African-American man, and a citizen of the

1

2  United States, who at the time of the subject incident was residing in the City of Oakland, California.

3       3. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter referred to as "CITY") is a

4  governmental entity, duly organized and existing under the laws of the State of California. At all times

5  herein mentioned, defendant, HEATHER FONG, was the Chief of Police for the CITY. Defendant,

6  HEATHER FONG, is sued herein in her capacity as the Chief of Police for the CITY.

7       4. At all times mentioned herein, defendant DOES 1-25, inclusive, were employed by defendant CITY

8  as police officers. Said defendant police officers are sued herein individually, and in their capacity as

9  police officers for defendant CITY. In engaging in the conduct described herein, defendant police officers

10 acted under color of law and in the course and scope of their employment by defendant CITY. In

11 engaging in the conduct described herein, defendant police officers exceeded the authority vested in them

12 as police officers under the United States and California Constitutions and as police officers employed by

13 defendant CITY. Upon information and belief, plaintiff alleges that named defendant officers and DOES

14 1-10, inclusive, were either Caucasian, Latin American, and/or Asian-American.

15      5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the

16 course and scope of their employment by defendant CITY, who were directly involved in the wrongful

17 and excessive use of force against plaintiff, the wrongful and false detention and arrests of plaintiff, and

18 the racial misconduct towards plaintiff, as described hereinafter.

19      6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting within

20 the course and scope of their employment by defendant CITY, who were employed in a supervisory

21 capacity by defendant CITY and were responsible in some manner for properly and adequately hiring,

22 retaining, supervising, disciplining, and training named defendant police officers employed by the CITY

23 in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a

24 manner that is not racially discriminatory.

25      7. Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and

26 therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon

27 alleges that each defendant so named is responsible in some manner for the injuries and damages suffered

28 by plaintiff as set forth herein. Plaintiff will amend his Complaint to state the true names and capacities of

defendants DOES 1 through 25, inclusive, when they have been ascertained.

     8. In engaging in the conduct described herein, defendant police officers acted under the color of law

1

2 and in the course and scope of their employment with defendant CITY. In engaging in the conduct

3 described herein, defendant police officers exceeded the authority vested in them as police officers under

4 the United States and California Constitutions, and as employees of defendant CITY.

5     9. For State causes of action related to Federal claims, plaintiff is required to comply with an

6 administrative claim requirement under California law. Plaintiff has complied with all applicable

7 requirements.

8 **STATEMENT OF FACTS**

9     10. On 4-11-09, at approximately 2:30 a.m., plaintiff ORIN BENTLEY, an African-American man,

10 then thirty-two (32) years old, was at a party with approximately 60 people. About twelve (12) S.F. police

11 officers entered and most of the people left the party. About twelve (12) S.F.P.D. officers came in and

12 most of the people left the party. Plaintiff saw some of these officers aggressively handling an African-

13 American man, who did not appear to have done anything to provoke the officers' mistreatment of him.

14 The officers had told plaintiff and everyone else at the party that they could leave, except for this man they

15 were mistreating. The man was upset and scared so ORIN BENTLEY talked to him and calmed him

16 down. The man said he wanted to leave but the officers would not let him. At this time, there were just a

17 few people left at the party.

18     11. Plaintiff ORIN BENTLEY sat down on a stool with his hands on his lap and said to the officers

19 that they should stop putting their hands on this man and let him go unless he has done something wrong.

20 The officers told him to shut up and mind his own business and leave. Plaintiff said he felt he could not

21 leave until he thought the officers were not going to harm this man. The police were yelling obscenities at

22 plaintiff and threatening him, so he stood up and said, "I'm going to leave now. Can I please have your

23 badge number?"

24     12. Defendant officers DOES 1-10 responded to this request by assaulting and battering plaintiff

25 without any just provocation or cause in that they tackled plaintiff from behind; threw him to the ground;

26 then grabbed him by his hair and repeatedly smashed his face into the floor while he was being

27 handcuffed. ORIN BENTLEY could hear his friends Moses and Katinka pleading for the police to stop

28 beating him. After smashing his face several times on the floor, the officers finally stopped battering him.

ORIN BENTLEY could feel blood running from his nose, eyes, and forehead. Two defendant DOE

officers then falsely arrested and imprisoned plaintiff, taking him to a police car and putting him inside

1

2  the back seat. He sat in the police car alone for approximately 15-20 minutes. Then two different

3  defendant DOE police officers got in the car with plaintiff and drove him to the police station.

4      13. When defendant DOE officers were driving plaintiff to the police station, he asked them for

5  medical help for his injuries to his face, and they ignored him. The officers also ignored his request to

6  loosen his handcuffs which were too tight and hurting him badly. Once inside the police station, the

7  officers briefly looked at his injuries and asked if he had received any of them prior to being arrested.

8  Plaintiff responded that he had a broken little finger on his right hand that was not caused by defendant

9  arresting officers. The officers then put plaintiff into a holding cell with some other people, including the

10  African-American man the defendant officers had previously seen been mistreating by officers at the

11  party. The man was yelling that he had epilepsy, and as soon as he was put in to the holding cell, he fell to

12  the ground and had an epileptic seizure. Plaintiff asked officers to help the man. Two officers entered the

13  holding cell and demanded the man stand up, but he could not, so said officers then pulled him up and

14  removed him from the holding cell and moved him to a cell to the right of the one plaintiff was in.

15  Plaintiff then heard the man screaming for the next 2-3 minutes.

16      14. The officers were also abusive to others in the holding cell with plaintiff, including one man who

17  they grabbed by his long hair and smashed his face into the clear plastic wall 2-3 times. Plaintiff and the

18  others in the holding cell were all seated on a bench and handcuffed to it, until released. When plaintiff

19  was unhandcuffed and released, a defendant DOE police officer with the first name "Mark" said to

20  plaintiff, "You should stay in Oakland and never come to S.F. again. Consider yourself lucky that you're

21  not in the hospital. Next time you come to S.F. I will put you in the hospital." When plaintiff left the

22  police station with his belongings he realized the officers had not given him his I.D., so he went back

23  inside the police station, obtained his I.D., and then left the station. Plaintiff was wrongfully held

24  approximately two to three hours in the police station holding cell before he was released, and given a

25  Notice to Appear, for violation of P.C. Section 148(a)(1)- resisting arrest and delaying an officer in

26  performance of his duties. Plaintiff was arraigned on 5-28-09.

27      15. Plaintiff ORIN BENTLEY had not done anything to provoke defendant officers' assault and

28  battery upon him, and did nothing to physically resist these officers during their assault on him. Further,

plaintiff was unarmed.

      16. The above-described assault and battery of plaintiff by defendant S.F. police officers

DOES 1-10, inclusive, was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiff.

## DAMAGES

17. As the direct and proximate result of defendants' wrongful conduct, including assault and battery; false arrest and imprisonment; and violation of civil rights, plaintiff was injured and damaged, as set forth herein.

18. As a direct and proximate result of defendant officers' wrongful conduct, plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

b. Loss of physical liberty;

c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

d. Violations of the following clearly established and well-settled federal constitutional rights include but are not limited to: (1) freedom from unreasonable search and seizure of their persons under the Fourth Amendment to the United States Contitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

e. The conduct of named defendant police officers; and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers; and,

f. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendant police officers DOES 1-10, inclusive)

19. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 18 of this Complaint.

20. In doing the acts complained of herein, defendant police officers DOES 1-10, inclusive, acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendants CITY; HEATHER FONG; and DOES 11-25, inclusive)

21. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 20 of this Complaint.

22. Defendants CITY AND COUNTY OF SAN FRANCISCO, S.F. Chief of Police, HEATHER FONG, and DOES 11-25, supervisory employees of the City of Oakland Police Department have failed to adequately train defendant police officers DOES 1-10 in the proper use of force; effecting proper arrests; and treating persons in a mannet that is not racially discriminatory. The lack of an adequate supervisorial response and discipline by defendants CITY AND COUNTY OF SAN FRANCISCO, S.F. Chief of Police, HEATHER FONG; and DOES 11-25, supervisory employees of the S.F. Police Department, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy that tolerates and promotes the continuing use of excessive force against, false arrest of, and violation of civil rights of persons within the CITY AND COUNTY OF SAN FRANCISCO by S.F. police officers.

23. Based on information and belief, plaintiff alleges that prior to the date of the subject incident involving plaintiff ORIN BENTLEY, defendant S.F. police officers DOES 1-10 had a history of engaging in acts of excessive force, false arrests, and racial misconduct, of which history defendants CITY AND COUNTY OF SAN FRANCISCO, S.F. Chief of Police, HEATHER FONG, and DOES 11-25, inclusive, knew or should have known for quite some time prior to the subject incident involving plaintiff. Based on information and belief, plaintiff further alleges that despite their knowledge of defendant S.F. police officers DOES 1-10's repeated, egregious misconduct, defendants CITY AND COUNTY OF SAN

1

2  FRANCISCO, S.F. Chief of Police, HEATHER FONG, and DOES 11-25, inclusive, failed to properly
3  and adequately train, supervise, and discipline defendant S.F. police officers DOES 1-10 for said repeated
4  and egregious misconduct.

5  24. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate
6  indifference, reckless and/or conscious disregard of the prior misconduct of defendant police officers
7  DOES 1-10, inclusive, defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, approved,
8  ratified, condoned, encouraged and/or tacitly authorized said defendant police officers to continue their
9  course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as
10 alleged herein.

11  25. Defendant CITY, by and through its supervisory employees and agents, HEATHER FONG, Chief
12 of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed
13 on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire,
14 train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm
15 to citizens as the proximate result of CITY police officers assaulting and battering, effecting false arrests
16 and imprisonments, and treating persons in a racially discriminatory manner. With deliberate
17 indifference, defendants CITY, HEATHER FONG, and DOES 11-25, inclusive, failed to take necessary,
18 proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff.
19 With deliberate indifference, defendants CITY, HEATHER FONG, and DOES 11-25, inclusive, breached
20 their duty of care to plaintiff in that they: (1) failed to adequately hire, retain, supervise, discipline, and
21 train police officers, including defendant police officers DOES 1-10, inclusive, in proper use of force,
22 effecting proper reasonable arrests, and treating persons in a manner that is not racially discriminatory;
23 (2) failed to have adequate policies and procedures regarding proper use of force; effecting proper arrests;
24 and treating persons in a manner that is not racially discriminatory; (3) acted with deliberate indifference,
25 in reckless and/or conscious disregard of the prior misconduct of defendant police officers DOES 1-10,
26 inclusive, and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized defendant police
27 officers DOES 1-10, inclusive, to continue their course of misconduct of use of excessive force, effecting
28 false arrests and imprisonments, and treating persons in a racially discriminatory manner, resulting in
violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein..

26. This lack of adequate hiring, retention, supervision, training, and discipline of defendant police

2 officers DOES 1-10, inclusive, demonstrates the existence of an informal custom or policy of promoting,

3 tolerating, and/or ratifying the continuing use of excessive unreasonable force; wrongful false arrests; and

4 treating persons in a racially discriminatory manner by police officers employed by defendant CITY.

5   27. The above-described misconduct by defendants CITY; HEATHER FONG; and DOES 11-25,

6 inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the

7 following:

8   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

9 amendment to the United States Constitution;

10   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth

11 and Fourteenth amendments to the United States Constitution;

12   c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United

13 States Constitution; and,

14   d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and

15 Ninth Amendments to the United States Constitution.

16   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United

17 States Constitution.

18   28. Further, the acts of defendant police officers DOES 1-10, inclusive, alleged herein are a direct and

19 proximate result of the abovementioned wrongful conduct of defendants CITY; HEATHER FONG; and

20 DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the

21 the abovementioned wrongful conduct of defendant police officers DOES 1-10, inclusive, and the

22 abovementioned wrongful conduct of CITY; HEATHER FONG; and DOES 11-25, inclusive.

23   WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Assault and Battery)**
**(Against defendant police officers DOES 1-10, inclusive)**

26   29. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

27   30. Defendant police officers DOES 1-10, inclusive, placed plaintiff in immediate fear of death and

28 severe bodily harm by assaulting and battering him without any just provocation or cause. Said

defendants' conduct was neither privileged nor justified under statute or common law. As a proximate

result of said defendants' conduct, plaintiff suffered damages hereinafter set forth.

2  WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(False Arrest and Imprisonment)**
**(Against defendant police officers DOES 1-10, inclusive)**

31. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Defendant police officers DOES 1-10, inclusive, falsely arrested and imprisoned plaintiff. Said defendant officers falsely arrested and imprisoned plaintiff without just provocation or probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that plaintiff had committed a crime.

33. Said defendant officers failed to observe proper or reasonable procedures in falsely arresting and imprisoning plaintiff without probable cause.

34. As a proximate result of said defendants' conduct, plaintiff suffered damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against defendant police officers DOES 1-10, inclusive)**

35. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

36. The conduct of defendant police officers DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

37. As a proximate result of said defendant officers' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendants. Plaintiff has suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Violation of Civil Code Section 52.1)**
**(Against defendant police officers DOES 1-10, inclusive)**

38. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 37

1

2 of this Complaint.

3     39. The conduct of defendant police officers DOES 1-10, inclusive, as described herein, acting in the
4 course and scope of their employment for defendant CITY, violated California Civil Code Section 52.1, in
5 that they interfered with plaintiff's exercise and enjoyment of his civil rights, by assaulting and battering
6 him, and wrongfully detaining and/or arresting and imprisoning plaintiff. Further, said defendant officers
7 violated plaintiff's right to be from racial discrimination pursuant to the 14th Amendment of the U.S.
8 Constitution; California Constitution; and various federal and California statutes, including California
9 Civil Code Section 52.1, in that their misconduct towards plaintiff was motivated by racial animus.

10     40. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiff
11 suffered violation of his constitutional rights, and suffered damages as set forth herein.

12     41. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to
13 Civil Code Section 52.1(h).

14     WHEREFORE, plaintiff prays for relief, as hereinafter set forth.

15 

**SEVENTH CAUSE OF ACTION**
**(Negligence)**
16 **(Against defendant police officers DOES 1-10, inclusive)**

17     42. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 41
18 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,
19 wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

20     43. At all times herein mentioned, defendant police officers DOES 1-10, inclusive, were subject to a
21 duty of care to avoid causing injuries and damages to persons by not using excessive unreasonable force
22 on them, by not effecting wrongful detentions and arrests, and by treating persons in a manner that is not
23 racially discriminatory. The wrongful conduct of said defendants, as set forth herein, did not comply with
the standard of care to be exercised by reasonable police officers acting in similar circumstances,
24 proximately causing plaintiff to suffer injuries and damages as set forth herein.

25     44. As a proximate result of said defendants' negligent conduct, plaintiff suffered severe emotional and
26 mental distress and injury having a traumatic effect on plaintiff's emotional tranquility, and damages.

27     WHEREFORE, plaintiff prays for relief as hereinafter set forth.

28

## EIGHTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
### (Against defendants CITY; HEATHER FONG; and DOES 11-25, inclusive)

45. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 4-11-09, defendant police officers DOES 1-10, inclusive, had a history of engaging in acts of assault and battery; effecting false arrests, and treating persons in a racially discriminatory manner, of which defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff.

47. Plaintiff is informed and believes and thereon alleges that despite having such notice of defendant police officers DOES 1-10, inclusive's prior misconduct, defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by defendant police officers DOES 1-10, inclusive.

48. Plaintiff is further informed and believes and thereon alleges that as a result of their reckless and/or conscious disregard of the prior misconduct of defendant police officers DOES 1-10, inclusive, defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized said defendant police officers to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

49. Defendant CITY, by and through its supervisory employees and agents, HEATHER FONG, Chief of Police for CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers using excessive unreasonable force, effecting false arrests and imprisonments, and treating persons in a racially discriminatory manner. CITY; HEATHER FONG; and DOES 11-25, inclusive, negligently failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. Defendants CITY; HEATHER FONG; and DOES 11-25, inclusive, breached their duty of care to plaintiff in that they:

(1) negligently failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant police officers DOES 1-10, inclusive, in using proper and reasonable force; effecting proper

1

2   reasonable arrests; and treating persons in a manner that is not racially discriminatory; (2) negligently

3   failed to have adequate policies and procedures regarding use of reasonable force, effecting proper arrests;

4   and treating persons in a manner that is not racially discriminatory; (3) acted with reckless and/or

5   conscious disregard of the prior misconduct of defendant police officers DOES 1-10, inclusive, by failing

6   to adequately hire, retain, supervise, discipline, and train police officers, including defendant police

    officers DOES 1-10, inclusive, in use of reasonable force, effecting proper reasonable arrests; and treating

7   persons in a manner that is not racially discriminatory; and, (4) approved, ratified, condoned, encouraged

8   and/or tacitly authorized defendant police officers DOES 1-10, inclusive, to continue their course of

9   misconduct, resulting in the violation of plaintiff's rights, and injuries and damages to plaintiff as

10  alleged herein.

11      50. The above-described negligent misconduct by defendants CITY; HEATHER FONG; and DOES

12  11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to

13  the following:

14      a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

    amendment to the United States Constitution;

15

16      b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth

    and Fourteenth amendments to the United States Constitution;

17      c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United

18  States Constitution; and,

19      d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and

20  Ninth Amendments to the United States Constitution.

21      Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United

22  States Constitution.

23      51. Further, the acts of said defendant police officers DOES 1-10, inclusive, alleged herein, are a

    direct and proximate result of the abovementioned negligent wrongful conduct of defendants CITY;

24  HEATHER FONG; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and

25  proximate result of the the abovementioned wrongful conduct of defendant police officers DOES 1-10,

26  inclusive, and the abovementioned wrongful conduct of CITY; HEATHER FONG; and DOES 11-25,

27  inclusive.

28      52. Defendant CITY is liable to plaintiff pursuant to Govt. Code Section 815.6; and defendants

    HEATHER FONG; and DOES 11-25, inclusive, are liable to plaintiff pursuant to Govt. Code Sections

    820.2 and 820.4, for plaintiff's injuries and damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

53. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, plaintiff prays for relief, as follows:

1. For general damages in the sum of $ 500,000.00;

2. For special damages according to proof;

3. For punitive damages against named defendant police officers, according to proof;

4. For injunctive relief enjoining defendant CITY AND COUNTY OF SAN FRANCISCO from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults on persons; effecting unreasonable and improper arrests, detentions, and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory, in violation of California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, punitive damages against named defendant police officers and DOES 1-10, inclusive; $ 75,000.00 for each offense; and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: **4-9-10**          By: _Gayla B. Libet_
                               GAYLA B. LIBET, Esq.
                               Attorneys for Plaintiff

1

2   JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
3   7677 Oakport Street, Suite 1120
4   Oakland, CA 94621
Telephone: (510) 839-5200
5   Facsimile: (510) 839-3882

6   GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
7   486 41st Street, # 3
8   Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324
9

10   Attorneys for Plaintiff

11                          UNITED STATES DISTRICT COURT

12
                            NORTHERN DISTRICT OF CALIFORNIA
13

14
     DIARIO SMITH,                                 Action No.
15

16                Plaintiff,                        **COMPLAINT FOR VIOLATION
                                                    OF CIVIL RIGHTS AND DAMAGES**
17   vs.

18                                                  **(JURY TRIAL DEMANDED)**
     CITY OF OAKLAND, a municipal corporation;
19   WAYNE G. TUCKER, in his capacity as Chief of Police
     for CITY OF OAKLAND;  JONATHAN BELLUGA;
20   K. KENERY; and DOES 1-25, inclusive, individually,
     and in their capacity as police officers for CITY OF
21   OAKLAND,

22
                  Defendants.                          /
23
                                **JURISDICTION**
24

25      1. This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred

26   upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and

27   practices alleged herein occurred in the City of Oakland, California, which is within this judicial district.

28   Venue is conferred upon this Court by Title 28 United States Code Section 1391(b).

                                   **PARTIES**

        2. Plaintiff DIARIO SMITH is, and at all times herein mentioned was, an African-American man, and

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                                          1

1

2 a citizen of the United States, who at the time of the subject incident was residing in Oakland, California.

3    3. Defendant CITY OF OAKLAND (hereinafter referred to as "CITY") is a municipal corporation,

4 duly organized and existing under the laws of the State of California. At all times herein mentioned,

5 defendant, WAYNE G. TUCKER, was the Chief of Police for the CITY. Defendant, WAYNE G.

6 TUCKER, is sued herein in his capacity as the Chief of Police for the CITY.

7    4. At all times mentioned herein, defendants JONATHAN BELLUGA; K. KENERY; and,

8 DOES 1-25, inclusive, were employed by defendant CITY as police officers. Said defendant police

9 officers are sued herein individually, and in their capacity as police officers for defendant CITY.

10 In engaging in the conduct described herein, defendant police officers acted under color of law and in the

11 course and scope of their employment by defendant CITY. In engaging in the conduct described herein,

12 defendant police officers exceeded the authority vested in them as police officers under the United States

13 and California Constitutions and as police officers employed by defendant CITY. Upon information and

14 belief, plaintiff alleges that named defendant officers and DOES 1-10, inclusive, were either Caucasian,

15 Latin American, and/or Asian-American.

16    5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the

17 course and scope of their employment by defendant CITY, who were directly involved in the wrongful

18 and excessive use of force against plaintiff, the wrongful and false detention and arrests of plaintiff, and

19 the racial misconduct towards plaintiff, as described hereinafter.

20    6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting within

21 the course and scope of their employment by defendant CITY, who were employed in a supervisory

22 capacity by defendant CITY and were responsible in some manner for properly and adequately hiring,

23 retaining, supervising, disciplining, and training named defendant police officers employed by the CITY

24 in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a

25 manner that is not racially discriminatory.

26    7. Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and

27 therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon

28 alleges that each defendant so named is responsible in some manner for the injuries and damages suffered

by plaintiff as set forth herein. Plaintiff will amend his Complaint to state the true names and capacities of

defendants DOES 1 through 25, inclusive, when they have been ascertained.

1

2    8. In engaging in the conduct described herein, defendant police officers acted under the color of law
3 and in the course and scope of their employment with defendant CITY. In engaging in the conduct
4 described herein, defendant police officers exceeded the authority vested in them as police officers under
5 the United States and California Constitutions, and as employees of defendant CITY.

6                                    **STATEMENT OF FACTS**

7    9. On 5-21-08, at approximately 6:30 p.m., plaintiff DIARIO SMITH, then sixteen years old, a young
8 African-American man, left the Y.M.C.A. and walked with his friend, Donario, to a bus stop in the 4600
9 block of Bancroft Avenue, in Oakland, California. At that time, defendant Oakland police officers
10 JONATHAN BELLUSA; K. KENERY; and DOES 1-10, inclusive, pulled over, got out of their vehicle,
11 and assaulted and battered DIARIO SMITH without any just provocation or cause, including but not
12 limited to, slamming plaintiff to the ground, causing injury to his head and back . Then they arrested and
13 imprisoned plaintiff who was wrongfully charged with assault and battery against and petty theft of a
14 young Latino man, Hugo Garcia, and assault and battery against Hugo Garcia' friend Mario Lorenzo,
15 based on having been identified by Hugo Garcia and Mario Lorenzo at the scene.

16    10. In fact, plaintiff had not assaulted, battered, or stolen from Hugo Garcia, Mario Lorenzo, or anyone
17 else. In fact, plaintiff has no prior arrests, and has not been involved in any criminal activity in his life.
18 The above charges against plaintiff were later dropped, since another young man confessed to committing
19 these crimes, and since the witnesses had misidentified plaintiff as one of the responsible parties.

20    11. DIARIO SMITH had not done anything to provoke defendant officers' assault and battery upon
21 him, and did nothing to physically resist these officers during their assault on him. Further, plaintiff was
22 unarmed.   -

23    12. The above-described assault and battery of plaintiff by defendant Oakland police officers
24 JONATHAN BELLUSA; K. KENERY; and DOES 1-10, inclusive, was brutal, malicious, and was done
25 without any just provocation or cause, proximately causing injuries and damages to plaintiff.

26                                          **DAMAGES**

27    13. As the direct and proximate result of defendants' wrongful conduct, including assault and battery;
28 false arrest and imprisonment; and violation of civil rights, plaintiff was injured and damaged, as set forth
herein.

    14. As a direct and proximate result of defendant officers' wrongful conduct, plaintiff suffered the

following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

b. Loss of physical liberty;

c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

d. Violations of the following clearly established and well-settled federal constitutional rights include but are not limited to: (1) freedom from unreasonable search and seizure of their persons under the Fourth Amendment to the United States Contitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

e. The conduct of named defendant police officers; and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers; and,

f. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against named defendant police officers and DOES 1-10, inclusive)

15. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 14 of this Complaint.

16. In doing the acts complained of herein, named defendant police officers and DOES 1-10, inclusive, acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and

1

2 Ninth Amendments to the United States Constitution.

3 WHEREFORE, plaintiff prays for relief as hereinafter set forth.

4 ### SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
5 **(Against defendants CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive)**

6 17. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 16 of this
7 Complaint.

8 18. Defendants CITY OF OAKLAND, City of Oakland Chief of Police, WAYNE G. TUCKER, and
9 DOES 11-25, supervisory employees of the City of Oakland Police Department have failed to adequately
10 train defendant police officers JONATHAN BELLUSA; K. KENERY; and DOES 1-10, inclusive, in the
11 proper use of force; and treating persons in a manner that is not racially discriminatory. The lack of an
12 adequate supervisorial response and discipline by defendants CITY OF OAKLAND, City of Oakland
13 Chief of Police, WAYNE G. TUCKER; and DOES 11-25, supervisory employees of the City of Oakland
14 Police Department, and lack of adequate supervisorial training, demonstrates the existence of an informal
15 custom or policy that tolerates and promotes the continuing use of excessive force against and violation of
16 civil rights of persons within the CITY OF OAKLAND by Oakland police officers.

17 19. Based on information and belief, Claimant alleged that prior to the date of the subject incident
18 involving plaintiff DIARIO SMITH, defendant Oakland police officer JONATHAN BELLUSA and
19 K. KENERY had a history of engaging in acts of excessive force; and treating persons in a manner that is
20 racially discriminatory; of which history defendants CITY, WAYNE G. TUCKER; and DOES 11-25,
21 inclusive, knew or should have known for quite some time prior to the subject incident involving plaintiff.
22 Based on information and belief, plaintiff further alleges that despite their knowledge of defendant
23 Oakland police officers' JONATHAN BELLUSA and K. KENERY's repeated, egregious misconduct,
24 defendants CITY, WAYNE G. TUCKER, and DOES 11-25, inclusive, failed to properly and adequately
25 train, supervise, and discipline said defendant Oakland police officers JONATHAN BELLUSA and
26 K. KENERY for said repeated and egregious misconduct.

27 20. Defendants CITY OF OAKLAND, City of Oakland Chief of Police, WAYNE G. TUCKER, and
28 DOES 11-25, supervisory employees of the City of Oakland Police Department have failed to adequately
train defendant police officers JONATHAN BELLUSA; K. KENERY; and DOES 1-10, inclusive, in the
proper use of force; and treating persons in a manner that is not racially discriminatory. The lack of an

2 adequate supervisorial response and discipline by defendants CITY OF OAKLAND, City of Oakland
3 Chief of Police, WAYNE G. TUCKER; and DOES 11-25, supervisory employees of the City of Oakland
4 Police Department, and lack of adequate supervisorial training, demonstrates the existence of an informal
5 custom or policy that tolerates and promotes the continuing use of excessive force against, and violation
6 of civil rights of persons within the CITY OF OAKLAND by Oakland police officers.

7      21. Based on information and belief, plaintiff alleges that prior to the date of the subject incident
8 involving plaintiff DIARIO SMITH, defendant Oakland police officers JONATHAN BELLUSA and
9 K. KENERY had a history of engaging in acts of excessive force; and treating persons in a manner that is
10 racially discriminatory; of which history defendants CITY, WAYNE G. TUCKER; and DOES 11-25,
11 inclusive, knew or should have known for quite some time prior to the subject incident involving plaintiff.
12 Based on information and belief, plaintiff further alleges that despite their knowledge of named defendant
13 Oakland police officers' repeated, egregious misconduct, defendants CITY, WAYNE G. TUCKER, and
14 DOES 11-25, inclusive, failed to properly and adequately train, supervise, and discipline said named
15 defendant Oakland police officers for said repeated and egregious misconduct.

16      22. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate
17 indifference, reckless and/or conscious disregard of the prior misconduct of named defendant police
18 officers, defendants CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive, approved, ratified,
19 condoned, encouraged and/or tacitly authorized said named defendant police officers, to continue their
20 course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as
21 alleged herein.

22      23. Defendant CITY, by and through its supervisory employees and agents, WAYNE G. TUCKER,
23 Chief of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care
24 imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and
25 adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid
26 unreasonable risk of harm to citizens as the proximate result of CITY police officers assaulting and
27 battering, and treating persons in a racially discriminatory manner. With deliberate indifference,
28 defendants CITY, WAYNE G. TUCKER, and DOES 11-25, inclusive, failed to take necessary, proper, or
adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With
deliberate indifference, defendants CITY, WAYNE G. TUCKER, and DOES 11-25, inclusive, breached

their duty of care to plaintiff in that they: (1) failed to adequately hire, retain, supervise, discipline, and train police officers, including named defendant police officers, in proper use of force, and treating persons in a manner that is not racially discriminatory; (2) failed to have adequate policies and procedures regarding proper use of force; and treating persons in a manner that is not racially discriminatory; (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of named defendant police officers, and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers to continue their course of misconduct of use of excessive force, and treating persons in a racially discriminatory manner, resulting in violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein..

24. This lack of adequate hiring, retention, supervision, training, and discipline of named defendant police officers demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive unreasonable force; and treating persons in a racially discriminatory manner by police officers employed by defendant CITY.

25. The above-described misconduct by defendants CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

26. Further, the acts of named defendant police officers alleged herein are a direct and proximate result of the abovementioned wrongful conduct of defendants CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the the

1

2 abovementioned wrongful conduct of named defendant police officers, and the abovementioned wrongful

3 conduct of CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive.

4     WHEREFORE, plaintiff prays for relief as hereinafter set forth.

5                               **JURY DEMAND**

6     27.  Plaintiff hereby demands a jury trial in this action.

7                                 **PRAYER**

8     WHEREFORE, plaintiff prays for relief, as follows:

9     1.  For general damages in the sum of $ 500,000.00;

10    2.  For special damages according to proof;

11    3.  For punitive damages against named defendant police officers, according to proof;

12    4.  For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

13    5.  For costs of suit herein incurred; and,

14    6.  For such other and further relief as the Court deems just and proper.

15                              LAW OFFICES OF GAYLA B. LIBET

16

17  Dated: 4-9-10          By: _____

18                                  GAYLA B. LIBET, Esq.
                                    Attorneys for Plaintiff
19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                    8